Ruffin, C. J.
 

 The bill was filed in October 1841, and ¡states that on tho 18th of December 1839, the defendants Wiley Reeves, as principal, and Thomas Fort, as surety, executed to'the plaintiff a bond for $100, payable one day
 
 *151
 
 after date: and that shortly thereafter, the plaintiff placed it in the hands' of Wiley W. Fort, a constable, for collection : That Wiley W. Fort delivered the bond and a judgment thereon (if one was rendered) to the defendant William Reeves, upon his promise to the said Wiley Wi Fort as agent of the plaintiff to pay the principal and interest of the debt to the plaintiff on a day shortly thereafter. The bill then charges, that William Reeves did not pay the: debt nor any part of it at the day appointed nor at any time since : nor did the original debtors or either of them : and the prayer is, that the defendants may be decreed to pay the plaintiff the debt and interest.
 

 The answer of William Reeves states, that he was a Justice of the Peace, and that on the 28th of December, 1839, Wiley W.Fort, as constable, returned before him a warrant at the instance of the present plaintiff against Wiley Reeves and Thomas Fort on a bond of the tenor of that mentioned in the bill: and that he then gave judgment thereon for the plaintiff, and immediately delivered the same to the constable, and hath not since had either the bond or judgment; •and it positively denies, that this defendant ever engaged to collect the debt, or even promised the constable or any other person to pay the same at any time.
 

 The answer of Wiley Reeves stated, that after the judgment was rendered the constable applied to him for payment of it, and that on the 30th day of December he paid him $ 101 in full thereof: and the answer of Thomas Fort states, that he has no knowedge on the subject, except on the information of Wiley Reeves, who stated that he had paid the debt to the constable: and this defendant be-lives the same to be true.
 

 The only material testimony is that of Wiley Fort, taken by the plaintiff. He states, that he had the bond for collection, and that he is unable to say what became of it:
 
 *152
 
 That after he received it he forgot his pocket-book, and left it at the house of William Reeves for about a week, and never afterwards saw the bond : That he is under the impression, that William Reeves either got the bond from him under a promise, that he would pay him the amount, or that it was taken from his pocket-book, when left at the hopse of William Reeves, but he was inclined to the latter .opinion: and, at any rate, that William Reeves at different times acknowledged to him, that he had the bond, and promised the witness to pay it: but that neither he, nor either of the other defendants, ever did pay any part of the debt to the witness.
 

 There is no ground for a decree against either of the defendants. The bill places the liability of William Reeves on his promise to the constable to pay the debt: But, if such a promise was made and is binding at all, it is as obligatory at law as it is here, and the nature and measure of ■the redress must be the samé-in both Courts. Besides, the promise and possession of the papers are, both, positively denied by this defendant, and there is but a single witness in opposition to the answer.
 

 The case made in the bill against the original debtors is no stronger. It is not framed on the idea of a lost security upon his promise to pay the debt, which he failed to perform. The plaintiff knows where the security is — either in the hands of his agent or of the other person. If the transfer was sanctioned by the plaintiff, he can no longer claim against those defendants in this Court. If it was without his authority and ineffectual, then he could proceed at law against the original debtors, and compel the production of the security on the trial by the possessor. The bill charges no privity of these defendants in the transaction alleg-ged between the constable and the other defendant, William Reeves, nor, any other collusion with either
 
 *153
 
 of them. It merely states, that they had not paid the plain? tiff the debt, and the bond or judgment, or it was held by William Beeves, who obtained it from the constable on a promise to pay the amount, and has failed to do so. But that cannot change the jurisdiction against these parties. If it could, every case of a conversion of the security by a constable would be one for a suit in Equity between the original parties. It is true.it appears in the answer of Wiley Reeves, that he has the security. But that cannot change the case : because the relief must be upon the matter of the bill, and it has no such statement: and moreover, that defendant answers, that he paid the principal and interest of the debt to the constable, and, consequently,'the answer in itself, furnishes no ground for a decree.
 

 Per Curiam. Bill dismissed with costs.